IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT E. BUCKLEY, # 13069324, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 3:14-CV-3974-L-BK |
| | § | |
| LUPE VALDEZ, Dallas County Sheriff, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this habeas corpus action under 28 U.S.C. § 2241 was automatically referred to the United States Magistrate Judge. For the reasons that follow, the petition should be dismissed without prejudice for want of jurisdiction, as its claims are now moot.

**I. BACKGROUND**

On November 10, 2014, the Court liberally construed Petitioner's challenge to his continued detention at the Dallas County Jail as a habeas corpus claim, which was severed from his civil rights complaint and filed in this action. [Doc. 3 at 1]. Petitioner asserted that his sentence had ended on October 21, 2014, "1 year exact with all back time, yet County has not released me as of yet." [Doc. 3 at 1]. He contended that on October 21, 2013, he was charged with possession of a controlled substance, and that on February 27, 2014, he was sentenced to one year state jail with back time credit. [Doc. 8 at 5].

During the pendency of this case, on January 21, 2015, Petitioner advised the Court that he had been released from confinement and was residing with his parents. [Doc. 12]. In light of Petitioner's release from confinement, the Court must examine whether it continues to have

jurisdiction over the instant action.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## II. ANALYSIS

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980).  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate....  The parties must continue to have a 'personal stake in the outcome' of the lawsuit."  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Geraghty*, 445 U.S. at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)).

In the instant lawsuit, Petitioner does not challenge his conviction.  Rather, he sought only release from custody, claiming that he had fully served his sentence by virtue of back-time credits.  Petitioner's release from confinement renders moot the request for earlier release sought in his federal habeas petition.  *See Spencer*, 523 U.S. at 14-15, 18 (petitioner's release from prison deprived court of power to act; there was nothing for the court to remedy and petitioner had not presented any remaining collateral consequences stemming from the allegedly unconstitutional parole revocation proceeding); *Bailey v. Southerland,* 821 F.2d 277, 278–79 (5th Cir.1987) (holding former federal prisoner's appeal -- seeking expungement of disciplinary reports and restoration of good-time credit -- moot because court could not provide relief after release, and prisoner did not allege future adverse consequences).   Thus, the matter in controversy no longer exists.

In his supplemental pleading, Petitioner requests for the first time "compensation for each day [he was] held after [his] sentence was served." [Doc. 9 at 10]. However, monetary relief is not available in a habeas corpus action. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994) ("A section 1983 action is an appropriate remedy for recovering damages resulting from illegal administrative procedures," whereas "a writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact of confinement.") (citing *Preiser v. Rodriquez,* 411 U.S. 475, 484 (1973)).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** without prejudice for want of jurisdiction due to mootness.

SIGNED January 28, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In <u>order</u> to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE